IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EVELYN CAMPBELL, | * |
| Plaintiff, | * |
| v. | *   CASE NO.: CV-14-313 |
| JR LUCOR, D/B/A NATIONAL CHECK ENFORCEMENT SERVICES | * |
| Defendant. | * |

## COMPLAINT

**COMES NOW** Plaintiff, Evelyn Campbell, (hereafter "Plaintiff") by counsel, and for her Complaint against the Defendant, alleges as follows:

## PRELIMINARY STATEMENT

This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, arising from unlawful actions taken by Defendant against in connection with a debt which she does not owe.

## JURISDICTION

1. This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d) and 28 U.S.C. 1367.

## PARTIES

2. The Plaintiff is a natural person and resident of the Mobile County, Alabama. She is a "consumer" as defined by 15 U.S.C. § 1692a(3).

3. Defendant JR Lucor & Associates("JR Lucor"), is a corporation formed outside the State

collector" as defined by the 15 U.S.C. § 1692a(6).

## THE FDCPA

4.     The FDCPA addresses the abusive, deceptive, and unfair debt collection practices which Congress found to be used by many debt collectors. Congress recognized that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. 15 U.S.C. § 1692(a).

5.     Congress enacted the FDCPA not only to eliminate abusive debt collection practices, but also to protect those debt collectors who treat debtors fairly and to insure that collectors who refrain from using abusive practices are not placed in a competitive disadvantage by those who take whatever means necessary to coerce payment.

6.     The FDCPA prohibits any conduct taken in an attempt to collect a debt the "natural consequence of which is to harass, oppress, or abuse any person." 15 U.S.C. 1692d. The Act also prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt,"; and any "unfair or unconscionable means to collect or attempt to collect a debt." 15 U.S.C.A. § 1692d(1) - (6); 1692e(1) - (6); 1692f(1) - (8); 15 U.S.C . § 1692e and 1692f. In addition to these broad prohibitions, the Act also sets out non-exhaustive list of specific prohibited acts, as well as required information that must be provided to consumers when collecting a debt.

7.     The FDCPA requires a collector to provide a written disclosure of the consumer's right to dispute the debt, as well as the basic information regarding the debt and the creditor. 15 U.S.C. 1692g. These disclosures must be provided in the initial communication with the consumer, or no later than 5 days after that communication. By imposing these requirements, Congress prohibited the practice of collecting merely by "cold calling" debtors and trying to intimidate them

over the phone into making a phone payment.

## FACTS

8. In 2009 Ms Campbell obtained a pay day loan with an internet-based lender called Magnumz, LLC, d/b/a the "Debt Doctor" ("Debt Doctor"). Shortly after obtaining that loan, Plaintiff paid what she believed was owed on the loan. She was later contacted by a third party debt collector seeking to collect additional sums which allegedly remained owed on the loan. In order to avoid any further collection efforts, Plaintiff paid the amount demanded and received a written confirmation that the debt had been paid in full.

9. Ms Campbell considered the matter closed and for over a year she heard nothing further about the debt. However, in 2013 Ms Campbell began receiving collection calls again from a series of debt collectors seeking to collect additional sums which were claimed to be owed on the payday loan. Ms Campbell would explain to each collector that she had paid the debt and received written confirmation of that fact. Some collectors were never heard from again and others persisted in their efforts to coerce payment. However, none of the collectors provided the disclosures required by the FDCPA. Some of the collectors violated other aspects of the FDCPA in their attempt to collect the debt, including threats of criminal action. In December 2013, Ms Campbell filed suit against two of these collectors in this district. One case was resolved and the other ended in a default judgment in Campbell's favor. Ms Campbell hoped that the matter was over. It was not.

10. In early March 2014, Campbell received another collection call who left a message about a debt owed on an outstanding pay day loan. Campbell returned that call and a representative explained that she was calling on behalf of "National Check Enforcement Services." She explained that she was calling because a "complaint had been filed in our office" regarding past due balance

3

FDCPA, 15 U.S.C. § 1692 (the "FDCPA").

16.    Defendant JR Lucor is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6). The alleged debt which Defendant attempted to collect from Plaintiff is a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5).

17.    Defendant has violated the FDCPA in connection with its attempts to collect on an alleged consumer debt. Defendant's violations include, but are not limited to, the following:

    A.    Engaging in communication with Plaintiff, the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt. This is a violation of 15 U.S.C. § 1692d.

    B.    Making attempts to collect upon a debt prior without notifying Plaintiff that she has the right to dispute the validity of the debt and the right to request written verification of the debt as required by 15 U.S.C. § 1692g(a);

    C.    Attempting to collect amounts which are not authorized by any contract or permitted by law. This is a violation of 15 U.S.C. § 1692f(1);

    D.    Making attempts to collect, including making threats of garnishment, on a debt which Defendant knew or should have known has no basis in law or fact. This is a violation of 15 U.S.C. § 1692f, 1692e(2)(A); and

    E.    Falsely representing the legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A).

18.    All of the actions taken by Defendant in violation of the FDCPA occurred within one year of the filing prior to this action.

19.    As a proximate result of JR Lucor's violations of the FDCPA, Plaintiff has suffered actual damages, including mental and emotional pain, distress and anguish, humiliation and embarrassment, as well as damages to her credit and reputation.

20.    As a result of its violations of the FDCPA, Defendant is liable to Plaintiff for

compensatory damages, statutory damages, costs and attorneys fee, and for declaratory judgment that Defendant's conduct violated the FDCPA.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant JR Lucor for the following:

A. Actual damages, including damages for mental and emotional pain, distress and anguish, humiliation and embarrassment, as well as damages to her credit and reputation;

B. Statutory damages pursuant to 15 U.S.C. 1692k;

C. Declaratory judgment that JR Lucor's conduct violated the FDCPA;

D. Costs and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k;

E. Such other and further relief as this Court deems just and proper, the premises considered.

**TRIAL BY JURY IS DEMANDED**.

KENNETH J. RIEMER (RIEMK8712)
Underwood & Riemer, P.C.
Attorney for Plaintiff
Post Office Box 1206
Mobile, Alabama 36633
Telephone: (251) 432-9212
E-mail: kjr@alaconsumerlaw.com

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL AS FOLLOWS:**

JR LUCOR
247 Cayuga Road
Cheektowaga, New York 14225